STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Frank.Riebli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 21-274 CRB |
|     Plaintiff, ) ) | [~~PROPOSED~~] ORDER DETAINING DEFENDANT |
|     v. ) ) | |
| JARROD COPELAND, ) ) | |
|     Defendant. ) ) | |

    The Defendant made his initial appearance before this Court on July 15, 2021. At that time, the government moved for the Defendant to be detained pending trial on the ground that he was both a flight risk and a danger to the community. The government was entitled to a detention hearing, pursuant to 18 U.S.C. § 3142(f)(1), on the ground that one of the crimes charged is a crime of violence, and that the Defendant's alleged co-conspirator is also charged with possession of destructive devices. On July 20 and 27, 2021, the Court held hearings on the government's motion. Prior to the hearing on July 20, 2021, the government filed a motion to detain (Dkt #14). At that hearing, the Court heard from both parties, the Defendant's wife, and a representative of the intended victim. Prior to the hearing on July 27, 2021, the government submitted to the Court and defense counsel transcripts of telephone calls between the Defendant and his wife that the Defendant made from the jail following the first hearing.

For the reasons set forth below, the Court finds that the Defendant has not overcome the presumption that he is a danger to the community. Accordingly, the Court orders that he be detained pending trial.

## LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3142(f), requires the government to prove by a preponderance of the evidence that there are no conditions that reasonably will assure the defendant's appearance as required, and to prove by clear and convincing evidence that there are no conditions which reasonably will assure the community's safety. In cases such as this, where there is probable cause to believe that the defendant committed a crime listed in 18 U.S.C. § 2332b(g)(5)(B), for which the statutory maximum penalty is 10 years or more,[1] there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the community's safety. 18 U.S.C. § 3142(e)(3)(C). The presumption of detention shifts the burden of production to the defendant. See United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). The defendant must show "some credible evidence" to rebut the presumption. United States v. Chen, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992). Even if the defendant provides that evidence however, the presumption retains evidentiary weight. Hir, 517 F.3d at 1086. Close cases should result in release. Chen, 820 F. Supp. at 1208 (citing United States v. Motamedi, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including her character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); Motamedi, 767 F.2d at 1407. Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f).

## DISCUSSION

The offenses charged in this case are very serious. At the bail hearing on July 20, 2021, the

---

[1] The Indictment charges the Defendant with violations of 18 U.S.C. §§ 844(i) and (n). Section 844(i) is a listed offense and the maximum penalty exceeds 10 years.

government described it as a potential act of domestic terrorism, and the text messages the government quoted in its detention memorandum demonstrate a political motivation. Those same messages show that the Defendant and his co-conspirator believed their crime would be called an act of terrorism. However the conduct is characterized, the plan to burn down a building is a violent crime. United States v. Mitchell, 23 F.3d 1, 2 n.3 (1st Cir. 1994); United States v. Varnes, 2010 WL 2035573, at *1 (D. Ariz. May 20, 2010) ("The Court finds that the malicious burning of any building, vehicle, or other real or personal property proscribed by 18 U.S.C. § 844(i) is a 'crime of violence' as defined by 18 U.S.C. § 3156(a)(4)."); United States v. Marzullo, 780 F. Supp. 658, 659 (W.D. Mo. 1991) ("This Court CONCLUDES that the crime of 'arson' as set forth in 18 U.S.C. § 844, amounts to a 'crime of violence' for the purposes of 18 U.S.C. §§ 3142, 3143 and 3156."). Indeed, the Defendant's own words, "I agree" "Plan attack", are chilling. This factor weighs in favor of detention.

The Court also considers the weight of the evidence. Though the Court does not attempt to pre-judge guilt, the weight of the evidence is relevant to the risk of flight. United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986). If the evidence is sufficient to alert the defendant that there is a reasonable possibility that s/he will be convicted at trial, this factor weighs in favor of detention. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) (the government's evidence made the defendants "subject to a trial in which they could reasonably believe they might be convicted"). The stronger the evidence against the defendant, the greater the risk of flight. United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987).

Based on the government's proffer, the basic facts of which the Defendant does not contest, the evidence against the Defendant is strong. The Defendant's own words are some of the most significant evidence against him. Though the Defendant has resided in California for over a decade, there is some indication in his exchanges with his co-defendant that he has considered leaving California. He now faces a minimum of 5 years in prison and a maximum of 20 years. Those are substantial penalties for a person who does not appear to have spent any time in jail prior to this case. This factor also weighs in favor of detention.

The third factor includes the Defendant's background and personal characteristics. The Defendant has no prior convictions, and by the government's own admissions, had a stable job and no

prior history of violence. However, the government proffered evidence, which the Defendant does not contest, that the Defendant abuses steroids, and that the Defendant himself has made statements indicating that the steroids make him feel more aggressive. Further, the Court has reviewed the transcripts of the Defendant's calls to his wife from the jail after the first bail hearing and is disturbed by the anger and volatility apparent in them.

The fourth factor the Court considers is the danger to the community, or to any person, if the Defendant is released. The Court considered releasing the Defendant subject to strict limits on his movement and communications, and subject to a total ban on his use of steroids and drug testing to support that. However, any such release plan would have required a viable surety and/or custodian to help enforce the Court's order. The Defendant proffered his wife as a custodian and surety. The government argued that she is not suitable because she appears to have been aware of his planned attack but unable to dissuade him from continuing to plan it with his co-defendant.

Initially, on July 20, Mrs. Copeland was willing to serve as a custodian, but after receiving the Court's admonition describing the responsibility of being a custodian, Mrs. Copeland was unable to agree to be the custodian. After reconsideration, and time, Mrs. Copeland was again willing to sign on to be the custodian and the detention hearing was reset for July 27. In the interim period, the Defendant and his wife communicated by phone, and those calls were recorded. A Transcript of the calls was prepared and the government produced copies of the transcript to defense counsel. Mrs. Copeland represented that she read some of the transcript prior to the July 27 hearing.

After reviewing the transcript of the calls between the Defendant and his spouse after the June 20th bail hearing, the Court agrees that she is not a suitable custodian. The Court made it quite clear from the outset that any detention finding was not based solely on the suitability of the Defendant's wife as a custodian and that Mrs. Copeland was not the reason why the Defendant should be detained pending trial. It is clear to the Court from the Defendant's statements made in the phone calls that he would present a danger to the community, and that no custodian or surety would have the moral suasion to ensure the necessary compliance with any conditions imposed. Mrs. Copeland made it clear to the Court that she would do her very best under the circumstances, but ultimately the Court was not persuaded she would be successful despite her best intentions and efforts. Thus, this final factor also weighs in favor

of detention.

For all of these reasons, the Court finds that the Defendant has not rebutted the presumption of detention in this case.

## CONCLUSION

For the reasons set forth above, the Court finds that the Defendant has not rebutted the presumption that he is a danger to the community. Therefore, the Court orders that he be detained pending trial.

IT IS SO ORDERED.

DATED: July 29, 2021

_____
ALEX G. TSE
United States Magistrate Judge